UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS BRAYAN CORTEZ LEDESMA (A-249-008-056),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | No. 1:26-cv-07062 DC CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Jesus Brayan Cortez Ledesma (A-249-008-056), a native and citizen of Mexico who is proceeding without counsel, has filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner most recently entered the United States on May 9, 2024, was initially detained by Customs and Border Protection inside the United States and released. On June 5, 2026, petitioner was arrested and re-detained and has been in continuous detention since this date. The Court granted petitioner's previous habeas petition and ordered a bond hearing. This second habeas action concerns petitioner's continued detention and challenge to his bond denial by the immigration judge. For the reasons that follow, the Court recommends denying in part and dismissing in part the petition for a writ of habeas corpus.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND[2]

Petitioner filed his first habeas petition on June 15, 2026. Cortez Ledezma v. Warden ("Cortez Ledezma I"), No. 1:26-cv-04599-DC-CSK (ECF No. 1).[3] The factual and procedural background previously presented in the Court's July 31, 2026 findings and recommendations and the district court's August 17, 2026 order are incorporated herein, including that petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a). See Cortez Ledezma I (ECF Nos. 7 & 9). This section provides updates since then.

Pursuant to the district court's order, petitioner received a bond hearing on August 28, 2026. (ECF No. 9-1.) The immigration judge denied bond finding that petitioner "poses a danger to the community if released." (Id.)

## II. PROCEDURAL BACKGROUND

On September 3, 2026, petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1.) On September 8, 2026, the district court related the instant action to the previous action. (ECF No. 6.) On September 21, 2026, respondent timely filed a motion to dismiss. (ECF No. 9.) Petitioner filed a reply. (ECF No. 10.) Briefing is now complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has

---

[2] Petitioner filed a verified habeas petition. (ECF No. 1 at 9.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

[3] To avoid confusion, all citations to the previous action will include the full case number. All standalone citations to the docket (e.g. "(ECF No. 1)") refer instead to the present action. The Court assumes the parties are familiar with the factual background of this case from the previous petition.

served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondent's motion to dismiss, or after an answer to the petition has been filed.

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges (1) his ongoing detention as prolonged and violates the Fifth Amendment procedural due process clause; and (2) the August 28, 2026 bond denial by the immigration judge.[4] (ECF No. 1 at 2-3.) In the motion to dismiss, respondent argues that this action should be dismissed as successive of Cortez Ledezma I or barred by the abuse of the writ doctrine. (ECF No. 9 at 1-2.)

### A. Successive Petition/Abuse of the Writ

Respondent argues that this action should be dismissed as a successive petition, presumably pursuant to 28 U.S.C. § 2244(a), or pursuant to the abuse of the writ doctrine based on petitioner's prior action in Cortez Ledezma I. (ECF No. 9 at 1-2.) This Court rejects respondent's argument that this action should be dismissed as a successive petition pursuant to

---

[4] Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes petitioner's claims in Grounds Two, Three, and Four together as part of his challenge to the immigration judge's bond decision.

28 U.S.C. § 2244(a) because that bar does not apply to immigration petitions filed pursuant to 28 U.S.C. § 2241.[5]

The "doctrine of abuse of the writ generally 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation omitted). A "successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." Id. (citations omitted).

Respondent argues that this action should be dismissed as an abuse of the writ because in instant action "presents no new grounds for relief nor explains why circumstances have changed from when this Court previously ordered Petitioner receive a bond hearing, which he has received." (ECF No. 9 at 1) The petition filed in Cortez Ledezma I raised two claims: (1) a statutory claim under the INA challenging petitioner's mandatory detention under 8 U.S.C. § 1225(b); and (2) a Fifth Amendment due process claim because petitioner was re-detained after prior release without a pre-custodial hearing or notice. See Cortez Ledezma I (ECF No. 7 at 3). This Court observes that the instant action raises a prolonged detention claim based on his ongoing detention including since his previous petition filed on June 15, 2026 and also challenges the immigration judge's bond denial, which petitioner could not have reasonably raised in the first petition. Accordingly, respondent's motion to dismiss this action as barred by the abuse of the writ doctrine should be denied.

**B. Due Process Claim (Claim One)**

Petitioner argues his ongoing detention is prolonged and violates the Fifth Amendment procedural due process clause. (ECF No. 1 at 2.) Respondent does not directly address this claim.

---

[5] "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 8 U.S.C. § 2244(a).

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

The court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). At the time petitioner filed his petition and when respondent filed the motion to dismiss, petitioner had been detained for approximately three months. At the date these findings and recommendations are filed, petitioner has not been detained for over six months.

Because petitioner has been detained less than six months, this Court finds that petitioner does not yet have a protected liberty interest in freedom from detention. In the context of mandatory detention under 8 U.S.C. §1226(c), courts finding protected liberty interests in freedom from detention have based their findings on detention longer than six months. See Pacheco v. Warden, 2026 WL 1067486, at *4 (E.D. Cal. Apr. 17, 2026), findings and recommendations adopted, 2026 WL 1169236 (E.D. Cal. Apr. 28, 2026) (finding petitioner detained for over one year pursuant to §1226(c) had protected liberty interest); Lopez v. Warden, 2026 WL 834573, at * 3 (E.D. Cal. Mar. 26, 2026) (finding petitioner detained for over ten months pursuant to § 1226(c) had protected liberty interest); Palencia v. Warden, 2026 WL 818580, at *3 (E.D. Cal. Mar. 25, 2026), findings and recommendations adopted, 2026 WL 939469 (E.D. Cal. Apr. 7, 2026) (finding petitioner detained for over eight months pursuant to

§ 1226(c) had protected liberty interest); Keo, 2026 WL 747117, at *2 (concluding clear liberty interest in freedom from detention where petitioner was detained pursuant to § 1226(c) for over 37 months). Because petitioner has not demonstrated a liberty interest based on his detention, the petition for writ of habeas corpus should be denied. See Rakeshkumar H.P. v. Warden, 2026 WL 1146201, at *1-2 (E.D. Cal. Apr. 28, 2026) (finding no liberty interest where petitioner detained for a little over two months pursuant to § 1226(c)).

Therefore, the Court recommends that the petition be denied as to the due process claim.

**C. Immigration Judge's Bond Denial (Claims Two, Three, and Four)**

Petitioner contends that the immigration judge's bond denial was unsupported because he does not have a criminal conviction, has substantial community ties and a specific release plan, and that detention is negatively impacting his health. (ECF No. 1 at 2-3.) Respondent does not directly address this claim but notes that it is not aware of any appeal filed to the Board of Immigration Appeals ("BIA"). (ECF No. 1 at 1.) For the following reasons, this Court finds that petitioner should be required to exhaust administrative remedies as to his claims challenging the immigration judge's decision denying bond.

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and

(3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

In Leonardo v. Crawford, 646 F.3d 1157 (9th Cir. 2011), the petitioner was a noncitizen held in immigration detention pursuant to 8 U.S.C. § 1226(a) and filed a petition for writ of habeas in the federal district court under 28 U.S.C. § 2241, alleging that his prolonged detention without a bond hearing violated his due process rights. See Leonardo, 646 F.3d at 1159. The district court entered an order directing respondent to hold a bond hearing consistent with the requirements set forth in Casas-Castrillon v. Department of Homeland Security, 535 F.3d 942 (9th Cir. 2008), and refrained from entering judgment on the habeas corpus petition until respondents had reported to the court that such a hearing had been held. See Leonardo, 646 F.3d at 1159. Respondents complied with the order and an Immigration Judge held a bond hearing, at which he denied bond upon finding petitioner was a danger to the community. See id. The petitioner did not appeal this determination to the BIA, but instead filed in the district court in his pending habeas corpus proceeding a motion for the court to review and reverse the Immigration Judge's bond order, arguing that the bond hearing did not conform to the court's prior order nor satisfy due process. Id. The Ninth Circuit held that the petitioner's request should have been denied, and his underlying claim dismissed without prejudice, due to his failure to exhaust administrative remedies by seeking review of the bond decision. See id. at 1160. The Ninth Circuit explained that the statutory and regulatory scheme of § 1226(a)

> entitle[s] [detainees] to a bond hearing before an immigration judge. If they are dissatisfied with the IJ's bond determination, they may file an administrative appeal so that "the necessity of detention can be reviewed by ... the BIA." If they remain dissatisfied, they may file a petition for habeas corpus in the district court.

Id. (citations omitted). As such, it was "improper" for petitioner to employ the "short cut" of

seeking review of the immigration judge's bond decision in the district court before seeking review in the BIA. See id. Instead, petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the immigration judge's decision" and "[o]nce the BIA rendered its decision, [petitioner] could have properly pursued habeas relief in the district court and the district court's decision would have been subject to review in this court." Id. Because petitioner had not shown that his request should be excused from the prudential exhaustion requirement, nor that the proceeding should be stayed to permit him to exhaust the new claim, the Ninth Circuit held that the petition should be dismissed without prejudice due to petitioner's failure to exhaust his claim challenging the adequacy of the bond determination. See id. at 1160-61.

In the instant action, petitioner does not indicate whether he filed an appeal to the BIA or dispute that any appeal of the immigration judge's order denying bond is not exhausted. (See ECF Nos. 1 & 10.) Petitioner also fails to show cause why he should be excused from the prudential exhaustion requirement regarding his claims challenging the immigration judge's denial of bond. Accordingly, petitioner's claims challenging the August 28, 2026 decision by the immigration judge denying his request for bond should be dismissed based on petitioner's failure to exhaust administrative remedies. The Court notes that where petitioner is detained pursuant to § 1226(a), he may request a second bond hearing (a bond or custody redetermination) from an immigration judge if there are material changed circumstances. See 8 C.F.R. § 1003.19(e) ("After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination.").

Therefore, the Court recommends that the petition be dismissed in part as to petitioner's challenge to the immigration judge's bond decision for failure to exhaust.

## V. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DENIED IN PART and DISMISSED IN PART.

2. Respondent's motion to dismiss (ECF No. 9) be DENIED IN PART and GRANTED IN PART.
3. The Clerk of the Court be directed to enter judgment in favor of Respondent and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven days** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 22, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/cort7062.imm.2241.deny/10